## Nancy Cowperthwaite et al., Plffs. in Err., v. First National Bank of Carbondale.

Land belonging to husband and wife, partly in right of the wife, having been levied upon for debts of the husband, one of the creditors, a bank, promised that if the husband and wife would make no objection to an execution sale, the bank would bid in the property and hold it to be conveyed to the wife on payment of a sum equal to that realized by the execution. Sale having been made, the bank brought ejectment for the land, and the court below directed a verdict in the creditor's favor to be vacated and judgment entered for the defendants, on their paying their indebtedness to the bank in specified instalments. *Held*, equitable; and that the defendants were not entitled to any more favorable judgment.

(Decided March 15, 1886.)

Error to the Common Pleas of Lackawanna County to review a conditional judgment for plaintiff in an action of ejectment. Affirmed.

James Cowperthwaite and Nancy Cowperthwaite were possessed of the land in controversy, each having paid a portion of the purchase money. James Cowperthwaite was indebted to the amount of about $16,000, for which judgments had been obtained which were liens on his share of the property.

The First National Bank of Carbondale, being one of his

NOTE.—In actions of ejectment conditional verdicts may be entered. It may be done to enforce payment of purchase money (Evans v. Yost, 2 Law Times, N. S. 235; Heath v. Gardner, 10 W. N. C. 495) ; or to compel the payment of an award for land taken under eminent domain. Wheeling, P. & B. R. Co. v. Warrell, 122 Pa. 613, 16 Atl. 20. If the sum provided for is not paid on the day named, possession of the land will be given, and a writ of habere facias possessionem issued. Allen v. Woods, 24 Pa. 76; Gable v. Hain, 1 Penr. & W. 264. Or the land may be ordered sold to protect both parties. Heath v. Gardner, 10 W. N. C. 495.

judgment creditors, and desiring to get the amount of the judgments due it, entered into an agreement with Mrs. Cowperthwaite that if she would permit a sale of the land on execution it would bid the land in as cheaply as possible and convey it to her, provided she should pay to it the amount of its bid, or, as the plaintiff claimed, at the cost of the property to it.

The terms upon which the bank agreed to bid off the farm and reconvey to Mrs. Cowperthwaite were, $1,000 to be paid down upon delivery of deed to her, and $1,000 annually thereafter until the amount of the bid and costs were paid, and a reasonable amount to the bank for its services and expenses in the matter.

In pursuance of this agreement the bank purchased several judgments, the liens of which were prior to those of the judgments held by it. The whole amount of the bank's judgments after these purchases aggregated $10,000. The amount which the bank bid at the sale was $4,300.

After the sale, Mrs. Cowperthwaite demanded a deed of the property from the bank, upon payment by her of the $4,300. This was denied by the bank, which demanded the full amount that the property had cost it, namely, about $14,300.

This demand having been refused, the bank gave the Cowperthwaites notice to quit the premises, and instituted proceedings before an alderman to recover possession of the premises; whereupon, the Cowperthwaites caused the same to be certified into the court of common pleas.

A trial of the cause, April 19, 1880, resulted in a verdict and judgment in favor of the Cowperthwaites. This judgment was reversed by the supreme court and a *venire facias de novo* awarded. At a second trial of the cause March, 1882, the court delivered the following charge:

This is an ejectment brought by the First National Bank of Carbondale, against James Cowperthwaite and Nancy Cowperthwaite, the defendants, to recover a tract of land described in the proceedings taken before the justice to obtain possession after the sheriff's sale. Under the principles of law and equity, as administered in Pennsylvania, we deem this case to be one of such a nature that, sitting as a court of equity, as we do upon the trial of this case, the facts of the case, as proved on both sides,

require the court to give binding instructions and direct the verdict that should be entered in this case.

The principles of law and equity, in other words, take this case out from the control of the court and the jury, and make the court the instrument of carrying out the equitable principles which are involved in the case; and the responsibility of this is upon the court, which we cannot shirk, and we are therefore disposed to meet it according to our duty and make such an entry of verdict as we deem equity requires, after we have formally stated the case, so we may be upon the record and so that all parties may have their rights preserved and have them reviewed hereafter, either by this court or by a higher tribunal; and if any error is made, have it corrected.

From the undisputed evidence in this case, it appears that the plaintiffs, at the time of this sheriff's sale, were lien creditors of James Cowperthwaite. Prior to the sheriff's sale an agreement was entered into with Nancy Cowperthwaite and James Cowperthwaite to bid off the property at the sheriff's sale and convey it to Nancy Cowperthwaite at the cost to the plaintiffs, or at the bid at the sheriff's sale, the plaintiff agreeing to bid it off as low as possible.

The plaintiff alleges that the arrangement was to bid it off at the cost to it of the property. The defendants allege that it was to be at the bid, whatever that was.

The evidence shows that parties were present at the sheriff's sale representing judgments which were liens prior to the judgment of the bank, prepared to run the property to such a figure as would cover their judgments; and that, in order to induce them not to run the property up, and in pursuance of their arrangement with Nancy Cowperthwaite and James Cowperthwaite, the plaintiff induced these parties not to bid, by purchasing their judgments; and thereby saving the costs of the proceedings to James Cowperthwaite and Nancy Cowperthwaite.

Now, we say, as a matter of law, that it makes no difference whether the arrangement was to buy in and convey the property at the cost to the plaintiff, or to buy in and convey the property at the bid at the sheriff's sale, with the understanding that it was to buy it as low as possible, if in pursuance of that arrangement it reduced the bid at the sheriff's sale by purchasing judgments from parties who were there prepared to run the property up to a sufficient figure to cover their judgments.

The record in this case, and the evidence in this case, show that the figure to which the property would have to be run up, under this arrangement, was such as would cover the judgments that are prior to the bank's judgment, and such that the bank would cover its judgment.

This arrangement having been made with Nancy Cowperthwaite, and these judgments being all matters of record and notice to everybody,—as well to Nancy Cowperthwaite as to anyone else,—it was competent for her to make this arrangement with the bank, and it was no violation of their agreement, when it came to bid on the property, to bid it off at a low figure and buy the judgments, which, if the owners of the judgments had bid, would have been added to the actual technical bid and made the bid so much higher.

It is shown, also, in this case that Nancy Cowperthwaite had some interest in this property, if you believe the evidence that is not disputed, by reason of having paid some part of the purchase money at the time of the purchase, and by reason of an arrangement which she had with her husband that she should have some interest in the property commensurate with the amount of money which she paid.

This being the case, it was competent for her to make this arrangement with this bank and to enforce it, under the principles of law and equity which govern this case. The evidence also showing that the plaintiff has not refused to convey, on the terms that the property was to be conveyed at the cost to them, and alleging that it has been ready to convey upon these terms, it is not a trustee *ex maleficio,* but an ordinary equitable trustee, compelled to convey to Nancy Cowperthwaite upon a compliance with the terms of the agreement.

The evidence also shows, and it is not in dispute, and it is also corroborated by the record evidence,—that is by the liens, which are already shown in evidence to have been liens at the time of this sale,—that the plaintiff paid for the property under this arrangement $9,930.37, in August, 1878.

All the foregoing facts which we have stated necessarily move the equity side of the court, and are not in dispute in this case; and the court will therefore direct a conditional verdict to be entered.

After specifically answering the points submitted by the

respective parties, the court directed the jury to return the following verdict·

We find in favor of the plaintiff for the land described in the writ; this verdict, however, to be set aside and verdict to be entered for the defendants, upon condition that the defendants pay to the plaintiff the sum of $14,200.42 in ten equal annual instalments from this date, with interest payable with each instalment; with leave on the part of the plaintiff, in case default is made in the payment of any instalment, to move the court for permission to issue a writ of habere facias possessionem; or, in case the court deems that equity requires it, to make an order of sale upon such terms as the court shall see fit. The plaintiff on or before the last instalment falls due to file in the office of the prothonotary of this court its deed in fee simple of said premises to Nancy Cowperthwaite, her heirs or assigns, the same to be drawn out by the defendants upon the payment of the last instalment and interest with costs of suit.

The defendants thereupon brought error.

*E. Robinson* and *C. Smith,* for plaintiffs in error.—If we note the distinction between a parol agreement relating to land that cannot be enforced under the statute of frauds, and a similar one that may be enforced as a trust, we will avoid the error contained in the first decision of Wolford v. Herrington, 74 Pa. 311, 15 Am. Rep. 548, and have a better understanding of our own cases, which, in the absence of this distinction, would seem to be conflicting.

The distinction would seem to be this: If the party with whom the agreement is made has an interest or a bona fide claim to the property, and by reason of the agreement he is induced to part with such interest or bona fide claim, equity will not permit one to deprive another of a title he actually has, by a promise not intended to be performed, and, hence, will enforce the agreement as a trust. Lantry v. Lantry, 51 Ill. 458, 2 Am. Rep. 310; Beegle v. Wentz, 55 Pa. 374, 93 Am. Dec. 762.

If the party with whom the agreement is made has no interest or bona fide claim to the property, then he parts with nothing by reason of the agreement, and, it being forbidden by the statute, it cannot be enforced. Lantry v. Lantry, 51 Ill. 458, 2 Am. Rep. 310.

*S. B. Price* and *E. N. Willard,* for defendant in error.—The court, in an action of ejectment where there is an equitable defense, occupies the position of a chancellor, and should not allow the jury to determine equities if the evidence sustaining the defense is not satisfactory. Barnet v. Dougherty, 32 Pa. 371; Moore v. Small, 19 Pa. 468; Dean v. Fuller, 40 Pa. 479; Ballentine v. White, 77 Pa. 27; Brawdy v. Brawdy, 7 Pa. 159; Juniata Bdg. & L. Asso. v. Hetzel, 103 Pa. 508; O'Hara v. Dilworth, 72 Pa. 402.

Where one person agrees by parol to buy property at a sheriff's sale for another, who relies on the agreement alone, and the former obtains the title, the agreement cannot be enforced unless the latter has an interest in the land. A contingent right of dower is not sufficient. Wolford v. Herrington, 86 Pa. 39; First Nat. Bank v. Cowperthwaite, 10 W. N. C. 532.

To establish a resulting trust, there must be proof of fraud in acquiring title, or payment of purchase money at the time the title is acquired, at its inception. Barnet v. Dougherty, 32 Pa. 371; Nixon's Appeal, 63 Pa. 279; Bickel's Appeal, 86 Pa. 204; Cross's Appeal, 97 Pa. 471; Botsford v. Burr, 2 Johns. Ch. 405; Rogers v. Murray, 3 Paige, 398; Gerry v. Stimson, 60 Me. 189; Roberts v. Ware, 40 Cal. 637.

The proof to sustain a resulting trust must be full, clear and convincing. Cross's Appeal, 97 Pa. 471; Bennett v. Fulmer, 49 Pa. 163; Jackman v. Ringland, 4 Watts & S. 150; Cowden v. Oyster, 50 Pa. 372; Earnest's Appeal, 106 Pa. 310; Hill, Trustees, 60.

An equitable claim cannot be established on the unsupported evidence of the claimant. Juniata Bldg. & L. Asso. v. Hetzel, 103 Pa. 508; Moss v. Culver, 64 Pa. 414, 3 Am. Rep. 601.

The testimony of husband and wife in favor of any equity is as that of one person. Sower v. Weaver, 78 Pa. 448; Ackerman v. Fisher, 57 Pa. 457; Dollar Sav. Bank v. Bennett, 76 Pa. 402.

PER CURIAM:

This action of ejectment is controlled by rules of equity. They were correctly applied. Under the whole evidence and the manifest meaning and intent of the agreement, no judgment more favorable to the plaintiffs in error than this should have been permitted to stand.

Judgment affirmed.